IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSE PAYTON, #645351, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-116-L |
| | § | ECF |
| NATHANIEL QUARTERMAN, | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Petitioner Jesse Payton ("Petitioner" or "Payton"), appearing *pro se*, filed an application for writ of habeas corpus under 28 U.S.C. § 2254, on January 13, 2005. Pursuant to 28 U.S.C. §636(b), and a standing order of the court, this action was referred to the United States magistrate judge for proposed findings and recommendation. On June 30, 2006, the Findings and Recommendation of the United States Magistrate Judge (the "Report") were filed. Payton filed Petitioner's Objection to the Magistrate Judge's Findings, Conclusions, and Recommendation (the "Objection").

The magistrate judge found that Payton was required to file his section 2254 petition on or before April 24, 1997, to avoid being time-barred, and that Payton's application was untimely, since it was not filed until January 13, 2005. The magistrate judge also determined that Payton's claims do not establish a basis for equitable tolling, since he did not show that he was prevented in some extraordinary way from asserting his rights, or show otherwise rare and exceptional circumstances necessary to justify equitable tolling. Accordingly, the magistrate judge recommended that Payton's application be dismissed with prejudice as barred by the one-year statute of limitations, pursuant to 28 U.S.C. § 2244(d).

**Order – Page 1**

In his Objection, Payton contends that his application is not time-barred because he exhausted his state remedies on December 8, 2004, when the Texas Court of Criminal Appeals denied his state application for writ of habeas corpus, thereby tolling the statute of limitations for filing his federal application until December 8, 2005.  The court **overrules** Payton's objection. Payton filed his state application for writ of habeas corpus on January 27, 2004, well after the one-year limitations period expired.  Accordingly, Payton's filing of his state application did not toll the limitations period for the instant federal application.  *See Flanagan v. Johnson*, 154 F.3d 196, 199 n.3 (5th Cir. 1998) ("[A]ny time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one year period of limitation [pursuant to 28 U.S.C. § 2244(d)]."); *see also Fisher v. Johnson*, 174 F.3d 710, 712 (5th Cir. 1999).

Having reviewed the pleadings, file, record, the findings and conclusions of the magistrate judge, and Petitioner's Objection thereto, the court determines that the Magistrate's findings and conclusions are correct and accepts them as those of the court.  Accordingly, the court **dismisses with prejudice** Petitioner's action as time-barred pursuant to 28 U.S.C. § 2244(d).

**It is so ordered** this 31st day of July, 2006.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge